JESÚS MARÍA ROSSY, Plaintiff and Appellant, *v.* RAFAEL DEL VALLE ZENO, Defendant and Appellee.

No. 5547.   Argued January 12, 1931.—Decided January 16, 1931.

*E. Díaz Viera* and *Jesús M. Rossy* for appellant.   *M. Acosta Velarde* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

At the trial of this case, after overruling a demurrer to the complaint, the district court at the oral instance of the

defendant ordered the elimination of certain paragraphs of the said complaint. The plaintiff himself struck out certain other paragraphs of the complaint. Under these conditions the court rendered judgment for the defendant, practically, as we understand it, on the pleadings as they then stood. The plaintiff maintains that the paragraphs so stricken by the court left him without a cause of action. The defendant moves to dismiss because the transcript of record has not been filed in this court within thirty days from the filing of the notice of appeal.

In the judgment of the court a recital appears that the court considered that its action appeared from the record. The appellant avers in his opposition to the motion of dismissal that the action of the parties and of the court only appear of record in the stenographer's notes. The appellant made an application to the court for the reproduction of these notes and the court granted it substantially in the same manner, as if it were the incorporation of the evidence, as provided by Act No. 27 of 1917, amended by Act No. 81 of 1919.

We have the idea that it would have been better, if not altogether necessary, that a motion to strike should be presented in writing and filed during the trial and that the court should likewise write and file an order striking out particular paragraphs of the complaint. In a court of record the state of the pleadings should appear from the judgment-roll itself and not from the stenographer's notes.

However, under the Act of March 10th, 1904, the stenographers are required to report all oral proceedings and that such a copy of the record shall constitute *prima facie* the minutes of the court.

If attention is given to the literal reading of the law, the transcript should have been filed in this court within thirty days as indicated. Perhaps it would have been better if the appellant had asked for an extension of time to com-

plete the said transcript. As by reason of the position taken by the court the stenographer's notes were necessary to complete the judgment-roll, we shall use our discretion to overrule the motion to dismiss, and the appellant is given ten days from the approval of the stenographer's notes to file the transcript in this court.